## Case No. 9,228.

### The MARY TERESA.

[Blatchf. Pr. Cas. 286.] [1]

District Court, S. D. New York. Dec. 24, 1862.

PRIZE —VIOLATION OF BLOCKADE — GOODS FORMING CARGO—LAST EMPLOYMENT—AGENTS.

Vessel and cargo condemned for an attempt to violate the blockade.

BETTS, District Judge. This vessel was built in Wilmington, North Carolina, in 1862, and was provisionally registered at Nassau, New Providence, to Edward Gardner, a merchant of Charleston, South Carolina, April 29, 1862. Her shipping agreement was dated at Nassau, New Providence, in May, 1862, for a voyage thence to Halifax, Nova Scotia, and back to Nassau, and she was cleared at Nassau with a cargo consisting of 100 sacks of salt, 2 barrels of mackerel, 2 cases and 5 barrels of drugs, 2 bags of coffee, and 1 case of shoes. She was captured at sea off Charleston harbor, May 10, 1862, by the United States gunboat Unadilla, and sent to this port for adjudication. She was libelled as prize in this court May 29. A claim was filed in favor of British subjects having an interest, June 24, by the acting British consul, and one November 22 thereafter, by Edmund Gardner as owner. No party appeared personally to argue the cause on the trial, but the papers in the cause were submitted to the court by the district attorney and the counsel for the claimant. Silliman, the mas-

---

[1] [Reported by Samuel Blatchford, Esq.]　　　[1] [Reported by Samuel Blatchford, Esq.]

ter of the vessel, an American citizen, testifies, on his examination in preparatorio, that the vessel came into Nassau with a cargo of cotton from Charleston about a week before this voyage; that Nassau was her next clearing port after that voyage; that the mate owned the cargo on that voyage, and came out in the vessel as master or mate from Charleston; that Henry Adderly & Co., of Nassau, were consignees of that cargo; that they are agents of several mercantile houses in Charleston, and many of the vessels arriving from Charleston are consigned to them; that all on board knew that Charleston was under blockade; that the vessel had no log; that she was directed to the northward after she left Nassau, and along the coast of the United States; and that she was captured about twenty miles south-southeast from Charleston bar. Gardner, the mate, says that he lived at Charleston, where his family lives, for two years; that he owns the vessel and most of the cargo; and that he knew that the port of Charleston was under blockade. Thomas Heffman, a passenger, testifies that he heard the captain or mate (he thinks the mate) say on the voyage that Adderly & Co., of Nassau, owned the vessel, and the mate and the cargo; and that he thinks that firm loaded the cargo on board at Nassau. William O. Bourke, a seaman, testifies that he is a native and resident of Charleston; that he heard it said on board that the vessel was going into Port Royal, South Carolina, for water; and that he has heard Gardner, the mate, say that he was owner of the vessel and cargo.

It is quite clear upon the registry that the legal ownership of the vessel was in a resident of Charleston, South Carolina. In that character she was subject to capture as prize by our own municipal law. But, in reality, she most probably was the property of Adderly & Co., of Nassau, whose practices in like methods of evading the blockade of the Southern ports are flagrantly notorious. The testimony establishes an unmistakable purpose, preparation, and attempt to run the vessel and cargo into Charleston. The master says that she was captured about twenty miles off that port. She was there in contradiction of the destination indicated by her shipping papers, and without a shadow of evidence justifying such departure from her declared voyage. The character of her ship's company, her last employment, her agents at Nassau, and the description of goods forming the cargo, speak very distinctly as to the intent with which she ran from the place of her departure directly to within eighteen or twenty miles of Charleston, under the semblance of seeking the port of Halifax.

The condemnation and forfeiture of the vessel and cargo are decreed.